### LAWSON D. BIDWELL *vs.* ALANSON ROGERS.

A written promise to pay a debt which is barred by the statute of limitations " as soon as I can " will not sustain an action thereon without proof of the ability of the promisor.

CONTRACT upon a promissory note. The defence was the statute of limitations. At the trial in the superior court, before *Rockwell*, J., the note was produced and bore date more than six years before the commencement of the action, and the plaintiff offered in evidence a letter dated in March 1864, purporting to be signed by the defendant, which the plaintiff testified by deposition that he had received in reply to a letter sent by him to the defendant, though he was unable to state that it was in the defendant's handwriting. This letter contained the following language : " I do not know when I can come and see you, but I will try to as soon as I can, and will pay you as soon as I can." No further evidence being offered, the judge directed a verdict for the defendant, which was rendered, and the plaintiff alleged exceptions.

*H. W. Bishop*, for the plaintiff.

*A. J. Fargo*, for the defendant.

CHAPMAN, J. If the letter attached to the deposition had been proved, it would not have been sufficient to avoid the operation of the statute of limitations. It contains no reference to the note, or absolute promise to pay the plaintiff what is due to him ; but a promise to come and see him when he can, and to pay him when he can ; and no proof was offered of his ability to pay. *Tanner* v. *Smart*, 6 B. & C. 603. *Gibson* v. *Grosvenor* 4 Gray, 606, and cases cited. Angell on Limitations, § 235 See also *Proctor* v. *Sears*, 4 Allen, 95.

*Exceptions overruled.*